JAMES F. McKAY III, Judge.
 

 hThe plaintiff, Paul Adolfo Bello, appeals the trial court’s granting of an exception of no cause of action in favor of the defendant, Martha Moncure Stout Bello, and the dismissal of his petition. For the following reasons, we reverse and remand.
 

 FACTS AND PROCEDURAL HISTORY
 

 On April 19, 1997, Paul Adolfo Bello and Martha Moncure Stout were married. Prior to their marriage, the parties signed a marriage contract creating a separate property regime on April 17, 1997. However, on February 9, 2005, pursuant to Louisiana Civil Code Article 2329, the parties entered into an agreement entitled: “PARTIAL ESTABLISHMENT OF COMMUNITY AND MODIFICATION OF MARRIAGE CONTRACT OR MATRIMONIAL CONTRACT.” This document purported to do two things: create a “Community of Acquets and Gains” between Mr. and Mrs. Bello for all immovable property acquired by them; and “transfer, one to the other” Mr. Bello’s separate | ¿property located at 3117 State Street Drive in New Orleans “with the stipulation that it shall be a part of the community of acquets and gains.”
 

 On May 9, 2005, Mr. Bello filed a revocation of donation and transfer of immovable property, in which he formally revoked the donation and transfer of the immovable property for reasons of Mrs. Bello’s ingratitude. On May 12, 2005, Mrs. Belo
 
 *561
 
 filed a petition for divorce and the parties were divorced on January 19, 2006. On February 23, 2006, Mr. Bello filed a petition for revocation of donation to revoke his transfer of 3117 State Street Drive. Thereafter, on November 2, 2007, Mrs. Bello filed an exception of no cause of action, claiming that Mr. Bello transferred 3117 State Street Drive into the community by way of a matrimonial contract, not through an act of donation, and that the marriage contract cannot be set aside unilaterally. On January 18, 2008, the trial court granted Mrs. Bello’s exception of no cause of action and dismissed Mr. Bello’s petition with prejudice. It is from this judgment that Mr. Bello now appeals. DISCUSSION
 

 On appeal, Mr. Bello raises the following assignment of error: the trial court erred when it granted Mrs. Bello’s exception of no cause of action because it failed to acknowledge Mr. Bello’s donation under Louisiana Civil Code Article 2343.1 of his separate immovable property to Mrs. Bello in order to make it community property and be governed under the rules and regulations of the newly created community of acquets and gains.
 

 |aIn reviewing a trial court’s ruling sustaining an exception of no cause of action, an appellate court should subject the case to
 
 de novo
 
 review because the exception raises a question based only on the sufficiency of the petition.
 
 Fink v. Bryant,
 
 2001-0987 (La.11/28/01), 801 So.2d 346, 349. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.
 
 Id.
 

 The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition.
 
 Id.
 
 at 348. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading.
 
 Id.
 
 at 348-349. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.
 
 Fink v. Bryant
 
 at 349.
 

 In the instant case, Mr. Bello filed a petition to revoke a donation due to ingratitude on the part of his wife. The factual background of the case is straightforward. The parties entered into a matrimonial contract during their marriage, which created a legal regime with respect to immovable property acquired by the couple. The document also transferred Mr. Bello’s separate | ,⅜property located at 3117 State Street Drive to Mrs. Bello and changed its nature to community property. Mr. Bello later sought to revoke the transfer and the parties were ultimately divorced.
 

 3117 State Street Drive was clearly Mr. Bello’s separate property before February 9, 2005. It in no way belonged to Mrs. Bello. It therefore could not have been disposed of by her. On February 9, 2005, it became community property. How did it become community? Although the matrimonial contract was signed by both parties, the action transferring the property had to be on the part of Mr. Bello. Based on the document that created the limited community and effectuated the transfer, the transfer was not onerous but gratuitous. According to Louisiana Civil Code Article 1467: “Property can neither be acquired nor disposed of
 
 *562
 
 gratuitously, unless by donations
 
 inter■ vi-vos
 
 or
 
 mortis causa,
 
 made in the forms hereafter established.” According to Louisiana Civil Code Article 1536: “An act shall be passed before a notary public and two witnesses of every donation
 
 inter vivos
 
 of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.” In the instant case, the strict form requirements for a donation
 
 inter vivos
 
 of an immovable are met, that is it be by authentic act before a notary and two witnesses.
 
 See Brown v. Brown,
 
 635 So.2d 255, (La. App. 3 Cir.1994). We are aware of no codal authority or jurisprudence which states that the document which gratuitously disposes of immovable property must be formally entitled “act of donation.” Accordingly, the transfer of 3117 State Street Drive had [r,to be by a donation
 
 inter vivos
 
 and a donation can be revoked.
 
 See
 
 La. C.C. arts. 1559 and 1560.
 

 Based on the facts alleged in Mr. Bello’s petition, it appears he has stated a cause of action for revocation of a donation on the grounds of ingratitude. Whether Mr. Bello can prevail on this claim is a question for the trial court.
 

 CONCLUSION
 

 For the foregoing reasons, the trial court’s granting of Mrs. Bello’s exception of no cause of action is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.